UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NICOLE PAXTON, Individually, and as P.R. of the Estate of Gerald Metheny, Deceased,<br><br>    Plaintiff,<br><br>        v.<br><br>WASHINGTON HOSPITAL CENTER CORPORATION, *et al.*,<br><br>    Defendants. | Civil Action No. 13-111 (JEB) |

**MEMORANDUM OPINION**

Plaintiff Nicole Paxton is the daughter of Gerald Metheny, a Virginia resident who died shortly after a surgical procedure at The Washington Hospital Center here in the District of Columbia. Individually, and on behalf of Metheny's estate, she has brought this diversity action against WHC and the doctor who performed the surgery, Steven Boyce, alleging that her father's death was due to their negligence. In the midst of discovery, the parties now seek the Court's determination of a choice-of-law issue. Plaintiff's present Motion asks the Court to apply Virginia, rather than District of Columbia, law to damages for solatium – *i.e.*, grief or distress – in her first count for wrongful death against WHC. She does so because the District does not recognize this category of damages. The Court, however, pursuant to well-settled District of Columbia choice-of-law principles, finds that such damages are not available here.

I.     Background

As most of the Amended Complaint's factual allegations relevant to this Motion – excluding, of course, any claim of negligence – appear to be undisputed by Defendants, the

1

Court will begin there. On May 19, 2011, Gerald Metheny, who lived in Virginia, underwent surgery at WHC in Washington. See Am. Compl., ¶¶ 1, 10. Plaintiff alleges that, during the surgery, Dr. Boyce perforated one of Metheny's blood vessels, which caused bleeding that was, at least initially, undetected. Id., ¶ 12. Several hours later, Metheny was returned to surgery in the doctor's attempt to remedy the error. Id., ¶¶ 16-18. Plaintiff claims Metheny suffered "an anoxic brain injury as a result of the . . . first surgery . . . ." Id., ¶ 19. He ultimately died on May 30 at WHC of a hemorrhagic attack, having left the hospital only for "several post-operative sedation 'holidays.'" Id., ¶¶ 19, 20; Opp., Exh. 4 (Death Certificate).

On January 25, 2013, Plaintiff filed this suit against WHC and Boyce, alleging that Metheny's death was the direct result of their malpractice. Plaintiff seeks damages against WHC under District of Columbia law for "funeral expenses, medical bills, pecuniary loss, emotional distress, loss of society, care, assistance, advice, and consortium . . . ." Am. Compl., ¶ 22. Plaintiff also seeks damages against WHC under Virginia law "for the grief suffered by [Metheny's] surviving wife." Id. Plaintiff contends that the Court should apply Virginia law to the grief claim because "both [Metheny] and his wife . . . were domiciled in . . . Virginia." Id. While discovery was ongoing, the parties indicated at a status conference that they wished the Court to rule on a choice-of-law issue, and the Court permitted briefing.

In her initial brief, Plaintiff asked the Court "to apply Virginia law with respect to loss of consortium as the marital relationship resided in Virginia." See Mot. at 1. As Defendant pointed out in its Opposition and Plaintiff later admitted in her Reply, however, Virginia does not recognize loss-of-consortium claims. See Opp. at 12-14; Reply at 2-4. In her Reply, Plaintiff claimed that she had been "us[ing] the term Consortium to refer to Solatium" and was really referring to solatium damages the whole time. See Reply at 2. Once Plaintiff and Defendant

2

were on the same page as to what type of damages were being sought – that is, solatium, not loss of consortium – the Court allowed additional briefing to flesh out the issue. See Minute Orders of August 26 & 30, 2013 (granting permission for Surreply and Reply to Surreply). The Court, therefore, will treat Plaintiff's Motion as one seeking the application of Virginia law to the solatium damages.

**II.     Legal Standard**

Federal courts sitting in diversity jurisdiction must apply the substantive law of the state in which they sit. See Van Dusen v. Barrack, 376 U.S. 612, 637 (1964) (internal quotation marks and citation omitted); Erie R. Co. v. Tompkins, 304 U.S. 64, 78 (1938). Choice of law is a substantive issue under Erie. See Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496-97 (1941). This Court must therefore apply the District of Columbia's choice-of-law rules.

The District of Columbia "use[s a] 'governmental interests' analysis, under which [it] evaluate[s] the governmental policies underlying the applicable laws and determine[s] which jurisdiction's policy would be more advanced by the application of its law to the facts of the case under review." District of Columbia v. Coleman, 667 A.2d 811, 816 (D.C. 1995) (quoting Hercules & Co. v. Shama Restaurant, 566 A.2d 31, 40-41 (D.C. 1989)). In performing this analysis, District of Columbia courts "also consider the four factors enumerated in the Restatement (Second) of Conflict of Laws § 145." Id. These are:

> a) the place where the injury occurred;
> b) the place where the conduct causing the injury occurred;
> c) the domicile, residence, nationality, place of incorporation and place of business of the parties; and
> d) the place where the relationship . . . between the parties is centered.

Id.

District of Columbia courts, moreover, need not decide all issues under a single jurisdiction's law. See Logan v. Providence Hosp., Inc., 778 A.2d 275, 280 (D.C. 2001). "[D]ifferent law may apply to different issues in a lawsuit." Id.

**III.    Analysis**

To determine which state's laws apply to Plaintiff's solatium claim, the Court will first consider the policies underlying the District of Columbia's and Virginia's wrongful-death laws and then consider the four Restatement factors.

   A.   Governmental Policies

      1.   *District of Columbia's Interests*

Solatium compensates "for the mental anguish, bereavement and grief that those with a close personal relationship to a decedent experience as the result of the decedent's death, as well as the harm caused by the loss of the decedent['s] society and comfort." Belkin v. Islamic Republic of Iran, 667 F. Supp. 2d 8, 22 (D.D.C. 2009) (citing Dammarell v. Islamic Republic of Iran, 281 F. Supp. 2d 105, 196-97 (D.D.C. 2003); Elahi v. Islamic Republic of Iran, 124 F. Supp. 2d 97, 110 (D.D.C. 2000)). As Plaintiff admits, "The District of Columbia does not recognize claims for Solatium" under its wrongful-death act. Reply at 3; see Runyon v. District of Columbia, 463 F.2d 1319, 1322 (D.C. Cir. 1972) (D.C. Wrongful Death Act does not allow compensation for grief).

This expresses a policy preference of the District of Columbia not to allow solatium damages for deaths occurring here. In an analgous context, the District of Columbia Court of Appeals has enforced a similar preference. The DCCA, recognizing that the District of Columbia does not have a damages cap on liability for malpractice actions, reasoned that "[t]he District has a significant interest . . . in holding its corporations liable for the full extent of the

4

negligence attributable to them." Kaiser-Georgetown Cmty. Health Plan, Inc. v. Stutsman (Stutsman I), 491 A.2d 502, 509-10 (D.C. 1985). Likewise, the District's prohibition of solatium damages should be taken to mean that it has a similarly strong interest in shielding its residents and corporations from this type of liability. Cf. Packer v. Kaiser Found. Health, 728 F. Supp. 8, 10-11 (D.D.C. 1989) ("This Court does not deny that the District of Columbia has some interest in curtailing negligence attributable to its residents.").

Plaintiff nonetheless rejoins that "it is settled law that courts applying District of Columbia choice of law rules follow the substantive law of the state where marriage is domiciled to loss of consortium claims." Mot. at 7. Although Plaintiff admits in her Reply that what she actually means is solatium, not consortium, see Reply at 2-4, she still seeks to have the Court extend the loss-of-consortium rationale to solatium claims. Such extension is not warranted.

In loss-of-consortium claims, as "the claimed injury is to the marriage" itself, Felch v. Air Florida, Inc., 562 F. Supp. 383, 386 (D.D.C. 1983) (internal quotation marks and citation omitted), "the District of Columbia applies the law of the state where the marriage is domiciled." Long v. Sears Roebuck & Co., 877 F. Supp. 8, 13 (D.D.C. 1995). This is because that state has a significant governmental interest "in regulating the legal rights of [its] married couples." Stutsman v. Kaiser Found. Health Plan (Stutsman II), 546 A.2d 367, 376 (D.C. 1988). In solatium claims, however, the injury is not to the marriage itself. Although Plaintiff apparently limits her solatium claim to grief suffered by Metheny's wife, her allegation that the "issue[] relate[s] to the marital relationship," Reply at 6, is belied by the very law Plaintiff is asking this Court to apply – namely, the law of Virginia. In Virginia, solatium damages are available to "the surviving spouse, children of the deceased and children of any deceased child of the deceased[,] . . . the parents, brothers and sisters of the deceased, and to any other relative who is primarily

5

dependent on the decedent for support or services and is also a member of the same household as the decedent . . . ." Va. Code Ann. § 8.01-53.  Because solatium damages are available to people outside of the marital relationship, these damages – unlike ones for loss of consortium – are not based on an injury to the marriage itself.  As a result, the loss-of-consortium precedent does not apply.

Seemingly recognizing that her consortium parallel is unavailing, in her Reply to Defendant's Surreply, Plaintiff places all of her eggs in one basket: the reasoning in Judge Royce Lamberth's opinion in <u>Burton v. United States</u>, 668 F. Supp. 2d 86 (D.D.C. 2009).  <u>See</u> Reply to Surreply at 2 ("primary issue . . . is whether Judge Lamberth's opinion in <u>Burton</u> . . . should be followed").  In that case, Judge Lamberth did authorize the application of Maryland law to certain damages in a wrongful-death case.  <u>See</u> <u>id.</u> at 111, 113.  Yet, as a preliminary matter, it is unclear whether the Court was referring to solatium or consortium damages in <u>Burton</u>.  While it uses only the term "consortium" in the Opinion, the Court's description of the type of losses it was awarding damages for points to solatium.  <u>See</u> <u>id.</u> at 113 (referring to consortium damages as, *inter alia*, mental anguish, emotional pain and suffering, and companionship).  In its Pretrial Order holding that Maryland law would be applied to the "consortium" claim, however, the Court's reasoning was based entirely on the fact that "the injury to the marital relationship occurred in Maryland."  <u>See</u> Pretrial Order of March 6, 2009, <u>Burton v. United States</u>, No. 05-2214.  As discussed above, this type of reasoning only applies to consortium damages.  As a result, <u>Burton</u>, even if it were binding precedent, does not carry the day for Plaintiff.  In sum, therefore, the District does not have a strong interest in permitting foreign law to govern solatium claims here.

6

2. *Virginia's Interests*

While the Court concededly must apply the District of Columbia's choice-of-law rules to this case, it finds Virginia's choice-of-law rules telling as to that state's interest. Contrary to Plaintiff's assertion, see Reply at 2, the law Virginia would apply if this case were brought there is relevant because it helps this Court determine what Virginia courts believe Virginia's governmental interest is. See Stutsman II, 546 A.2d at 375 ("[I]f, to the detriment of one of its own residents, Maryland would not assert its interest and disregard the [foreign] damage limitation, the District of Columbia courts should not do so.") (citing Tramontana v. S. A. Empresa De Viacao Aerea Rio Grandense, 350 F.2d 468, 475 (D.C. Cir. 1965)). Virginia choice-of-law rules would apply the law of the place where the injury occurred to any solatium claim. See Betts v. S. Ry. Co., 71 F.2d 787, 789 (4th Cir. 1934) ("In the first place, there is no question but that all matters pertaining to the substantive right of recovery under a wrongful death statute, including the right to recover, the nature of the right, and the party in whom it is vested, are governed by the law of the state where the injury resulting in death occurred."); Jones v. R.S. Jones & Associates, Inc., 431 S.E. 2d 33, 34 (Va. 1993) (applying *lex loci delicti*, or "place of the wrong," standard). If this case had been brought in Virginia, therefore, that state's courts would have applied the District of Columbia's law on solatium, which denies any such recovery. Even though Virginia does permit solatium damages, the fact that it would not apply its own law on solatium had the case been filed there means that the Court cannot find that Virginia has a significant governmental interest in the solatium claim.

This does not end the analysis, however, since the Court must also determine which jurisdiction has the most significant relationship to the dispute using the four Restatement factors.

B. Restatement Factors

This inquiry need not detain us long. To repeat, the four Restatement factors look at the place of injury, the place of conduct causing injury, the domicile or place of business of the parties, and the place the parties' relationship is centered. See Restatement (Second) of Conflict of Laws § 145. These clearly tip in favor of application of District of Columbia law. First, the injury occurred here. Second, the conduct that allegedly caused the injury – the surgery – also occurred here. The third factor is the only equivocal one: Metheny was domiciled in Virginia and Plaintiff is currently domiciled there, while Defendant's place of business is in Washington. Fourth, the hospital-patient relationship was centered here. As all but the third strongly dictate application of D.C. law, the Restatement factors add great weight to the prior analysis.

\* \* \*

The District of Columbia prohibits solatium damages, while Virginia would not even apply its own law to allow those damages if this case had been brought there. Because of these considerations and the Restatement factors' strong tilt towards the District of Columbia, the Court concludes that the District is the "jurisdiction [whose] policy would be more advanced by the application of its law to the facts of the case under review." Coleman, 667 A.2d at 816 (internal quotation marks and citation omitted). It will, therefore, apply District of Columbia law to Plaintiff's solatium claim and deny this category of damages.

## IV. Conclusion

For the foregoing reasons, the Court will issue a contemporaneous Order denying Plaintiff's Motion to apply Virginia law to her solatium claim.

/s/ James E. Boasberg
JAMES E. BOASBERG
United States District Judge

Date: October 9, 2013