UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NICOLE PAXTON,<br><br>    Plaintiff,<br><br>        v.<br><br>WASHINGTON HOSPITAL CENTER<br>CORP., *et al.*,<br><br>    Defendants. | Civil Action No. 13-111 (JEB) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Nicole Paxton, acting on her own behalf and as the representative of the Estate of Gerald Metheny, filed her original Complaint in this wrongful-death suit in January 2013 against Defendants Washington Hospital Center and Metheny's primary cardiac surgeon, Dr. Steven Boyce. In that Complaint, Paxton alleged that Defendants' negligence during and after heart-bypass surgery caused Metheny's death. After Paxton amended her Complaint to properly identify Defendants, the parties engaged in almost a year of discovery, during which family members were deposed, doctors and nurses from every stage of the alleged incident testified, and experts filed official reports. Trial is now set for this October.

Surprisingly, eleven months into discovery – and three months after Dr. Boyce had been deposed – Plaintiff learned that an air bubble had entered the arterial catheter (or line) and forced doctors to remove Metheny from cardiopulmonary bypass for nearly ten minutes. See Mot. to Amend at 4. This, Plaintiff alleges, caused a catastrophic "anoxic brain injury" and was "a contributing factor" to his death. Id. at 3. As a result, she now moves to amend her Complaint one more time to add this new information. Defendants oppose. Because amending the

1

Complaint would allow Plaintiff to clarify and strengthen her claims, and because such amendment is not improperly delayed, unduly prejudicial, or futile, the Court will grant Plaintiff's Motion.

## I. Legal Standard

A plaintiff may amend her complaint once as a matter of course within 21 days of serving it or within 21 days of being served a responsive pleading. See Fed. R. Civ. P. 15(a)(1). Where, as here, a plaintiff has already amended her complaint once, she must seek consent from the defendant or leave from the court to file another amended pleading. See Fed. R. Civ. P. 15(a)(2). "The court should freely give [such] leave when justice so requires." Id. Under Rule 15, "the non-movant generally carries the burden in persuading the court to deny leave to amend," Nwachukwu v. Karl, 222 F.R.D. 208, 211 (D.D.C. 2004), and in this Circuit "it is an abuse of discretion to deny leave to amend unless there is sufficient reason." Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir. 1996).

It is clear, however, that amendment should not be permitted in all cases. The Court should deny leave to amend, for example, if the motion is "undu[ly] delay[ed]," if there is evidence of "bad faith or dilatory motive on the part of the movant," if she has "repeated[ly] fail[ed] to cure deficiencies by amendments previously allowed," or if the amendment would cause "undue prejudice to the opposing party." Foman v. Davis, 371 U.S. 178, 182 (1962). Nor should a plaintiff be allowed to amend if the complaint would remain deficient despite the proposed changes – that is, if amendment would be futile. See *In re* Interbank Funding Corp. Sec. Litig., 629 F.3d 213, 218 (D.C. Cir. 2010) ("[A] district court may properly deny a motion to amend if the amended pleading would not survive a motion to dismiss.").

## II. Analysis

In her proposed Second Amended Complaint, Paxton adds allegations that Defendants allowed an air bubble to form in Metheny's arterial line, that mistake forced surgical staff to remove him from bypass, and removing him from bypass caused a brain injury from which he did not recover. See Mot., Exh. 5 (2d Am. Compl.), ¶¶ 12, 22. She proposes to include those allegations to "ensure that the other acts of negligence are crystal clear" and to allow the Complaint to "reflect the testimony and evidence recently elicited during discovery." Mot. at 6. Of particular significance, however, the changes do not alter Plaintiff's fundamental theory of liability – namely, that Metheny's doctors' negligence during and after his heart surgery contributed to his death. See 2d Am. Compl., ¶¶ 22-23, 26

In opposing amendment, Defendants argue that Plaintiff's Motion is untimely, that amendment would be unduly prejudicial, and that the proposed new allegations would be futile. See Opp. at 2. The Court disagrees on all counts.

Defendants argue first that Plaintiff's amendment comes too late because she "knew or should have known that air entered the decedent's bypass line . . . on or around May 23, 2011, when her brother, Jerry Metheny, recounted a conversation that he had with Defendant Dr. Boyce" in which Boyce explained that there had been air in the bypass machine. Opp. at 6-7 (citing Opp., Exh. 3 (Deposition of Jerry Blaine Metheny) at 47-48, 50). The Court, however, is unwilling to impute such knowledge to Plaintiff, who is not a doctor, and who allegedly received the relevant technical information as her father was dying from complications of a relatively routine surgery. To accuse Plaintiff of sandbagging here would turn an unfairly blind eye to the mental state of a grieving layperson.

Instead, the Court will credit Plaintiff's statement that "[a]t the time[ she] filed [her] original complaint and [her] first amended complaint . . . [she] was certainly not aware that air had entered the line nor was aware that there was an emergency in the operating room." Mot. at 3. Indeed, neither Paxton nor her lawyer could reasonably have been expected to internalize the information about the air bubble, or to make the legal connections necessary to warrant putting that allegation in her Complaint, until January of this year, when Metheny's perfusionist, Asser Guirgues, testified that air had entered the line during bypass. See Mot., Exh. 7 (Deposition of Asser Guirgues) at 36-37. Plaintiff, moreover, moved diligently to amend her Complaint soon after the significance of that information became clear. This also precludes any finding of bad faith.

Much of the delay here, moreover, may be attributed to Boyce's own omissions. Indeed, Plaintiffs contend that Boyce was specifically asked about an emergency in the operating room at his deposition in October 2013 and failed to mention either the air bubble or the fact that he had removed Metheny from bypass at that time. Because "[c]onsideration of whether delay is undue . . . should generally take into account the actions of other parties," Atchinson v. District of Columbia, 73 F.3d 418, 426 (D.C. Cir. 1996), Boyce's own testimony counsels in favor of permitting amendment.

Nor have Defendants identified any real prejudice here. See id. (courts should consider possibility of prejudice resulting from amendment); 6 Charles A. Wright & Arthur R. Miller *et al.*, Federal Practice and Procedure § 1487 (3d ed. 2010) ("[I]f the court is persuaded that no prejudice will accrue, the amendment should be allowed."). To be sure, Defendants could be prejudiced if they were not allowed to respond to Plaintiff's updated allegations regarding air in the line, though it is worth noting that they did have the opportunity to discuss those allegations

4

with at least one of their experts. See Reply at 7. Plaintiff, however, is not opposed to reopening discovery so that Defendants may pursue whatever further expert reports and depositions they deem necessary. See id. at 8 ("Plaintiff will not oppose any request or application from the Defendants . . . if they feel in any manner that they need to explore these issues any further."). As trial will not commence until October, and as Defendants will have the opportunity to develop the record regarding Plaintiff's new allegations, the Court sees nothing here approaching undue prejudice.

Finally, with regard to futility, Defendants contest the allegation that it was the air bubble that caused doctors to take Metheny off bypass. Without such a causal connection, they argue, the new allegations cannot support liability for negligence and thus need not be added. As evidence of that hole in Plaintiff's logic, they point to Guirgues's testimony, in which he stated that he did not know whether Boyce had taken Metheny off of bypass because of the air in the line. See Opp. at 14 (citing Guirgues Depo. at 34-35). They point out, further, that Boyce "was never asked during his deposition" why he took Metheny off of bypass. Id. (citing Opp., Exh. 8 (Deposition of Steven Boyce) at 295-99). This lack of knowledge, however, is a far cry from undisputed testimony denying causation. In any event, if Defendants can show at trial that the air bubble had no effect on Metheny's condition, then amendment will cause no harm. Either way, the new allegations would survive a motion to dismiss, so they are not futile. See Interbank Funding Corp., 629 F.3d at 218.

## III. Conclusion

The Court, accordingly, ORDERS that:

1. Plaintiff's Motion for Leave to Amend Complaint is GRANTED;
2. The Amended Complaint is deemed FILED; and

5

3. The parties shall appear for a status conference on June 9, 2014, at 10:30 a.m. to discuss further discovery or any supplementation of expert reports Defendants seek in light of this amendment, unless the parties notify the Court beforehand that they have been able to resolve the question among themselves.

**SO ORDERED**.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date: May 28, 2014